United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MORENO as CHAIRMAN and LARRY TOTTEN as CO-CHAIRMAN of the BOARD OF TRUSTEES FOR THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA, and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>    Plaintiffs,<br><br>  v.<br><br>SUMMIT ELECTRICAL CONSTRUCTION, INC., and GARY RICHARD BROWN, an individual, and ERIK BURDAN, an individual,<br><br>    Defendants.<br>_____/ | No. C 05-1120 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' APPLICATION FOR DEFAULT JUDGMENT** |

## INTRODUCTION

In this action alleging breach of a collective bargaining agreement, plaintiffs Jose Moreno and Larry Totten, acting as co-chairmen of the board of trustees for several laborers' trust funds (collectively "Trust Funds"), apply for default judgment against defendant Summit Electrical Construction, Inc. Summit has never responded to this lawsuit in any way. Plaintiff's application is therefore **GRANTED IN PART**. Summit is **ORDERED** to pay a total of $42,915.54 to plaintiffs and to submit to an audit, as detailed below. The Court reserves jurisdiction over the case to enforce the injunction, and to entertain any motions to increase the

1  judgment if the audit reveals other liabilities or to award additional attorney's fees.  The Court
2  **DENIES** the motions for a judgment declaring that plaintiffs are entitled to attorney's fees and
3  costs to enforce this judgment, and for an order on post-judgment interest.  No part of this order
4  is a judgment or injunction enforceable against defendants Gary Brown or Erik Burdan,
5  individually.

## STATEMENT

On March 17, 2005, plaintiffs filed this Employee Retirement Income Security Act (ERISA) action.  They alleged breach of a collective bargaining agreement by Summit and Gary Brown.  The complaint was amended July 25, 2005, adding Erik Burdan as another defendant. Plaintiffs sought unpaid contributions of $24,406.69 to funds that provide workers with health, vacation, holiday, pension and training benefits.  They also wanted the Court to order defendants to allow the Trust Funds to inspect their records and thus determine how much more the defendants may owe. Plaintiffs additionally asked for liquidated damages ($3,000), court costs ($857.92), attorney's fees ($12,847.50) and interest ($1,803.43).

Plaintiffs allege the following facts.  The trust funds are third-party beneficiaries to a collective bargaining agreement between the Northern California District Council of Laborers and an employer association that represents construction-industry employers doing business in Northern California.  Summit became a signatory to the agreement about March 2, 2001.  That agreement never was terminated.  It bound Summit to pay trust-fund contributions each month, $150 in liquidated damages each time they did not make a monthly contribution on time and certain attorney's fees and costs in the event of a delinquency.

Defendant failed to pay $24,406.69 for the months of December 2004, and January and February 2005.  Liquidated damages grew $150 for late payment between April 2003 and March 2005.  Interest accrued at a monthly rate of 1.5 percent of the delinquent-contribution amount.

On June 15, 2005, the Clerk of the Court entered default as to Summit.

## ANALYSIS

In deciding whether to enter default judgment, courts deem true all well-pleaded allegations in the complaint, except those related to the amount of damages. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

When a party does not defend against a claim for affirmative relief, the clerk must enter the party's default. FRCP 55(a). Upon such a failure to defend, the court then may enter, in its discretion, a judgment by default. *Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956). In making its decision, the court may consider seven factors set forth in *Eitel v. McCool*:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

782 F.2d 1470, 1471–72 (9th Cir. 1986).

**1.    *Eitel* Factors Applied**

The complaint is sufficient because it states the grounds upon which the Court's jurisdiction depends, states a claim for breach of a collective-bargaining agreement which would entitle plaintiffs to relief, and demands a money judgment and an order for injunctive relief (Amended Compl.). *See also* FRCP 8(a).

There is no reason to question the merits of plaintiffs' substantive claims. According to the undisputed record, Summit has failed to pay money it owes and has agreed to submit to an audit in circumstances such as this.

Denying the Trust Funds' application would leave the plaintiffs without a remedy.

In general, the fact that a large sum of money is at stake is a factor disfavoring default judgment. *Cf. Eitel*, 782 F.2d at 1472 (stating that the fact that $3 million was at stake, when considered in light of the parties' dispute as to material facts, supported the court's decision not to enter judgment by default). The Trust Funds have asked for a damages of $42,915.54. That amount pales beside the $3 million at stake in *Eitel*.

Indications that there is a dispute of material fact weigh against entry of default judgment. *Eitel*, 782 F.2d at 1471–72. Summit has defaulted and the Court therefore must take

3

as true all well-pleaded allegations in the complaint, thereby negating the possibility of a present dispute.

Default judgment is less favored when due to excusable neglect. *Eitel*, 782 F.2d at 1472. Gary Brown, an owner and the responsible managing officer of Summit, appears to have dodged the complaint purposefully — until now. Plaintiffs' counsel represented to the Court that Brown's counsel told her Brown was aware of the complaint against the corporation and chose not to have it reply.

Although the Federal Rules of Civil Procedure favor a decision on the merits, such an outcome does not appear possible in this case as to Summit. All of the other *Eitel* factors counsel in favor of a default judgment. Only damages remain to be determined.

### 3. DAMAGES AND INJUNCTIVE RELIEF

Damages allegations are not deemed true simply because of the defendant's default. *Geddes v. United Fin. Group* 559 F.2d 557, 560 (9th Cir. 1977).

Defendant executed a binding contract obligating it to pay contributions to the Trust Funds based upon the number of hours worked by its employees. ERISA also requires payment. *See* 29 U.S.C. 1145. Defendant failed to pay for December 2004, and January and February 2005. The delinquent contributions amount to $24,406.69 (Hagan Decl. ¶ 3, Exhs. A (Laborers Master Agreement Section 28A) & B (contributions statement)).

Congress requires courts to award liquidated damages, interest and reasonable litigation costs to trust funds that prevail in actions such as this one. 29 U.S.C. 1132(g)(2). A fiduciary is entitled to these awards if the employer was delinquent at the time the action was filed, a judgment is entered against it and the plan provides for the award. *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996).

Those requirements are met here. Employer was delinquent when plaintiffs sued on March 17, 2005. The Laborers' Master Trust Agreement Section 28A provides for assessment of 1.5 percent per month interest against all unpaid contributions and liquidated damages of $150 per late payment. So far, $1,803.43 in interest has accrued. Defendant owes $3,000 in liquidated damages for missed payments between April 2003 and February 2005 (Hagan Decl.

4

¶¶ 11–13, Exhs. A, D & E). The Trust Agreement for the Laborers Pension Trust Fund for Northern California, Article IV, Section 3 provides for attorney's fees. Counsel thoroughly itemized their expenses, amounting to $12,847.50 through July 31, 2005, in attorneys fees and another $857.92 for costs (Kirkpatrick Decl. ¶¶ 13 & 15, Exhs. D–F).

An audit of the employer's records is authorized by statute and agreement. 29 U.S.C. 1132(g)(2)(E); Kirkpatrick Decl., Exh. D (Article IV, Section 7, Trust Agreement for the Laborers Pension Trust Fund)). The Court therefore orders Summit to submit to the type of audit described in Section 7, and any identical provisions in other trust agreements that are the subject of this action.

Plaintiffs also ask for this Court to reserve jurisdiction to enforce the injunction and entertain motions for an increased judgment based upon the audit.

The Court will not, however, grant plaintiffs' requests for declaratory judgments confirming plaintiffs' entitlement to post-judgment interest and to attorney's fees and costs to enforce this judgment.

Post-judgment attorney's fees and costs are not ripe for adjudication. The employer has a contractual obligation to pay any attorney's fees and costs incurred by plaintiffs in enforcing the judgment (Kirkpatrick Decl., Exh. D (Article IV, Section 3, Trust Agreement for the Laborers Pension Trust Fund)). It is uncertain, however, whether court involvement is necessary at this point. The Court has reserved jurisdiction over this case and can entertain any motions for additional fees and costs as needed.

Plaintiffs overreach in asking for interest of 18 percent per year on the judgment. The collective-bargaining agreement provides only for 18 percent interest on delinquent contributions, not on the entire judgment (Hagan Decl., Exh. A (Section 28A, Laborers Master Agreement)). Plaintiffs are authorized to seek the standard rate of post-judgment interest, authorized in 28 U.S.C. 1961.

## CONCLUSION

For the reasons above, the Court **ORDERS** default judgment to be entered against Summit and in favor of plaintiffs in the amount of $42,915.54. Summit is ordered to submit to

5

the audit described above. The Court reserves jurisdiction over the case. The Court **DENIES** the motions for judgments declaring that plaintiffs are entitled to attorney's fees and costs to enforce the judgment, and for an order on post-judgment interest. Again, no part of this order is a judgment or injunction enforceable against defendants Gary Brown or Erik Burdan, individually.

**IT IS SO ORDERED.**

Dated: October 6, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE